IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD MILBURN,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | NO.   14-cv-1696 |
| | : | |
| **JOHN KERESTES, et al.** | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                                  **July 15, 2014**

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by Ronald Milburn ("Petitioner"), an individual currently incarcerated at State Correctional Institution–Mahanoy in Frackville, Pennsylvania.  For the following reasons, I respectfully recommend that the petition be DISMISSED WITHOUT PREJUDICE.

**I.     FACTS AND PROCEDURAL HISTORY[1]**

On June 30, 2011, a jury in the Court of Common Pleas of Philadelphia County found Petitioner guilty of possession of a controlled substance with intent to deliver and delivery of a controlled substance, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30).[2]  *Commonwealth v. Milburn*, No. CP-51-CR-0002927-2007, Criminal Docket, at 5.  Petitioner was subsequently

---

[1]  The facts set forth herein were gathered from Petitioner's habeas petition, the Commonwealth's response, inclusive of exhibits attached thereto, and the state court record.

[2]  Petitioner was initially tried *in absentia* on March 14, 2011.  *Commonwealth v. Milburn*, No. 2051 EDA 2011, slip op. at 2 (Pa. Super. Ct. July 12, 2013).  The jury could not reach a verdict and a mistrial was declared.  *Id.*  Petitioner was retried, again *in absentia*, on June 29, 2011.  *Id.*; Crim. Docket at 12.

sentenced to a term of five to ten years' imprisonment. *Id.* Petitioner filed a timely direct appeal to the Superior Court, alleging that his Confrontation Clause rights had been violated when the trial court permitted a police chemist to testify to the results of chemical tests that he did not personally perform. *Commonwealth v. Milburn*, No. 2051 EDA 2011 (Pa. Super. Ct. July 12, 2013). The Superior Court rejected Petitioner's argument and affirmed the judgments of sentence. *Id.* Petitioner sought allocatur, but, by order dated March 12, 2014, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. *Commonwealth v. Milburn*, No. 546 EAL 2013 (Pa. March 12, 2014).

That same day, on March 12, 2014,[3] Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that: (1) trial counsel rendered ineffective assistance by failing to move to suppress the physical evidence recovered from his residence, and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal; (2) the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments by trying him *in absentia*; and (3) the state courts violated his constitutional rights by failing to adjudicate his motion to withdraw counsel due to a conflict of interest. (Habeas Pet. 8-12, ECF No. 1).

On June 6, 2014, after Petitioner had commenced the present habeas action, he returned to state court and filed a timely petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. In his PCRA petition,

---

[3] Because Petitioner claims that he placed his petition in the prison mailing system on March 12, 2014, the Court will deem it filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (explaining that, pursuant to the "prison mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivered it to prison officials for mailing, not the date it is ultimately filed with the court).

Petitioner raises the same claims at issue in the present habeas petition.[4]  As of the date of this Report and Recommendation, that petition is still pending in the PCRA court.  *See* Crim. Docket at 17, available at http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docket Number=CP-51-CR-0002927-2007 (last visited July 15, 2014).

On June 17, 2014, the Commonwealth submitted a response to Petitioner's habeas petition asking the Court to dismiss it without prejudice to Petitioner's ability to re-file it once he has completed his PCRA court proceedings.  (Resp. 4-6, ECF No. 9).  Petitioner has submitted a Reply.  (ECF No. 12).

## II.    DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court."  *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)).  A petitioner will not be deemed to have exhausted available state remedies "if he has the right under the law of the state to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The exhaustion requirement is rooted in considerations of comity, and is "designed to protect the role of the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Duncan v. Walker*, 533 U.S. 167, 179 (2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).  "Comity thus dictates that when a

---

[4]  Although this PCRA petition is not part of the original record that the Prothonotary of Philadelphia submitted to this Court in April 2014, counsel for the Commonwealth forwarded a courtesy copy to my Chambers on July 2, 2014.

prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Rose*, 455 U.S. at 515-16).

In order for a claim to be exhausted, a state prisoner must "fairly present" his federal claims to the state courts before seeking federal habeas relief by invoking "one complete round of the State's established appellate review process." *Id.* at 845; *see also Halloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct appeal or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

Under this exhaustion rule, a federal court must ordinarily dismiss without prejudice a habeas petition that contains unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). While a federal court may, in appropriate cases, stay the petition instead, and hold it in abeyance while the petitioner exhausts any unexhausted claims in state court, the Supreme Court has cautioned that stay-and-abeyance procedures should be used only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009).

In this case, the claims that Petitioner presents for federal habeas review are currently pending before the Court of Common Pleas. Therefore, they are clearly unexhausted.[5] I

---

[5] In his Reply brief, Petitioner insists that he exhausted his federal habeas claims by presenting them to the state courts on direct appeal. (Traverse 1-7, ECF No. 12). In support of his contention, Plaintiff has submitted copies of correspondence with his direct appeal counsel indicating that he wished to pursue certain ineffectiveness claims on direct appeal. (Habeas Pet. Exhs. D, ECF No. 1). Plaintiff was informed at that time that ineffectiveness claims should be raised in a PCRA petition instead. (*Id.* at Exhs. D and P, ECF No. 1). Petitioner has also submitted copies of pro se filings seeking new counsel that he attempted to submit to the

recommend that this habeas petition be dismissed without prejudice to Petitioner's right to re-file it after he has exhausted his state remedies. *See Slutzker*, 393 F.3d at 379. There is no reason to alternatively stay these proceedings because Petitioner will have ample time to file a habeas petition once his PCRA proceedings are complete. *See, e.g., Heleva*, 581 F.3d at 191 (explaining that a stay may be appropriate when dismissal of the habeas petition might render a subsequent petition untimely).

### III.   CONCLUSION

For the foregoing reasons, I respectfully recommend that the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing and with no certificate of appealability issued.[6][7]

Therefore, I respectfully make the following:

---

Superior and Supreme Courts, but which were forwarded to counsel, undocketed, in accordance with Pennsylvania procedures. (*Id.* at Exhs. F-H, J-P, ECF No. 1). Thus, it appears that, contrary to Plaintiff's contention, these claims were never presented to the state courts on direct appeal. As noted above, these and related claims are presently under review in the Court of Common Pleas.

[6] Petitioner has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," or that jurists of reason would find this Court's procedural rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, I recommend that no certificate of appealability be issued.

[7] Petitioner has filed a motion for appointment of counsel (ECF No. 10) and a Motion to Reinstate Document Number 7 (ECF No. 11). In an order that will accompany this Report and Recommendation, these motions will be denied.

## **R E C O M M E N D A T I O N**

AND NOW, this __15TH__ day of July 2014, it is respectfully recommended that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE and without an evidentiary hearing. It is further recommended that no certificate of appealability shall issue.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE