```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RONALD MILBURN,                        )
                                       )   Civil Action
            Petitioner                 )   No.  14-cv-01696
                                       )
      vs.                              )
                                       )
JOHN KERESTES,                         )
THE DISTRICT ATTORNEY OF THE           )
COUNTY OF PHILADELPHIA, and            )
THE ATTORNEY GENERAL OF THE            )
STATE OF PENNSYLVANIA,                 )
                                       )
            Respondents                )

## O R D E R

NOW, this 25th day of September, 2015, upon consideration of the following:

   1)   Petition Under 28 U.S.C. § 2254 for Writ of
        Habeas Corpus by a Person in State Custody which
        petition was filed by petitioner Ronald Milburn
        pro se on March 20, 2014 (Document 1) ("Habeas
        Corpus Petition");

   2)   Response to Petition for Writ of Habeas Corpus,
        which response was filed June 17, 2014
        (Document 9);

   3)   Petitioner's Traverse (Reply) to Respondents'
        Response to Petition for Writ of Habeas Corpus
        Pursuant to Habeas Corpus Rule 5(e), which reply
        was filed June 27, 2014 (Document 12);

   4)   Report and Recommendation of United States
        Magistrate Judge Lynne A. Sitarski dated and
        filed July 15, 2014 (Document 14) ("R&R");

   5)   Petitioner's Objections to Magistrate Judge
        Sitarski Report and Recommendation dated July 15,
        2014 Denying Writ of Habeas Corpus, which
        objections were filed July 25, 2014 (Document 16)
        ("Objections to R&R");

    6)    Motion to Amend to Delete the Unexhausted Claims and to Proceed with the Exhausted Claims, which motion to amend was filed by petitioner pro se on December 12, 2014 (Document 18);

    7)    Response to Petitioner's Request to Dismiss Unexhausted Claims, which response was filed February 6, 2015 (Document 19); and

    8)    Objection to the Untimely Responsive Pleading, which objection was filed February 25, 2015 (Document 20);

    9)    Motion for Post Conviction Collateral Relief filed by petitioner pro se in the Court of Common Pleas of Philadelphia County, Pennsylvania as Case No. CP-51-0002927-2007 on June 6, 2014, and filed in the within federal action on September 25, 2015 (Document 22) ("PCRA Petition");

it appearing that on March 20, 2014, petitioner filed his Habeas Corpus Petition; it further appearing that petitioner filed his PCRA Petition in the Court of Common Pleas of Philadelphia County, Pennsylvania; it further appearing that United States Magistrate Judge Lynne A. Sitarski issued her R&R on July 15, 2014, which recommended that petitioner's Habeas Corpus Petition be dismissed without prejudice for petitioner to file a habeas corpus petition once his Pennsylvania Post Conviction Relief Act proceedings are complete; it further appearing that petitioner's Motion to Amend to Delete the Unexhausted Claims and to Proceed with the Exhausted Claims seeks withdrawal of all claims from his Habeas Corpus Petition which have not been exhausted in the PCRA proceeding; it further appearing, after de novo review of

this matter, that Magistrate Judge Sitarski's R&R correctly determined the legal and factual issues presented in the petition for habeas corpus relief;

<u>IT IS FURTHER ORDERED</u> that petitioner's Objections to R&R are overruled.[1]

---

[1]  Petitioner makes three main objections to Magistrate Judge Sitarski's R&R, specifically that (1) the procedural history contains errors, (2) he did not consent to a magistrate judge dismissing his petition, and (3) he objects to the characterization in the discussion that he did not present his federal claims before the state court.

Because petitioner's first and third objections both object to the recommendation that his case be dismissed without prejudice to file a habeas corpus petition after completion of his PCRA proceedings, I discuss both objections together.  Petitioner's objections center around the fact that he filed his PCRA Petition and the within Habeas Corpus Petition to preserve his claims, and argues that he presented his claims to the Court of Common Pleas, the Superior Court, and the Supreme Court of Pennsylvania on direct appeal and therefore, he argues, he fully exhausted his claims and should be able to move forward with those claims in this federal habeas corpus petition.

As Magistrate Judge Sitarski correctly indicated, "[a] district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." <u>Houck v. Stickman</u>, 625 F.3d 88, 93 (3d Cir. 2010).  Available remedies are said to be exhausted in state court where petitioner no longer has the "right under the law of the State to raise, by any available procedure, the question presented".  28 U.S.C. § 2254.

Here, the Petition for Habeas Corpus asserts three grounds: One) that his appellate counsel on direct appeal violated his rights by failing to raise an ineffective assistance of counsel claim with regard to petitioner's trial attorney; Two) the trial court violated petitioner's constitutional rights when they conducted a trial in absentia without petitioner present; and Three) petitioner's constitutional rights were violated when the Pennsylvania Supreme Court did not file certain pro se motions submitted by petitioner.

On June 6, 2014, petitioner filed his PCRA Petition with the Clerk of Court for the Court of Common Pleas of Philadelphia County.  As correctly observed by Judge Sitarski in her R&R, this PCRA Petition seeks, in Grounds One and Two, the same relief that petitioner is seeking in Grounds One and Two of the within Petition for Habeas Corpus.  Accordingly, those grounds are unexhausted.  <u>See</u> <u>Houck</u>, 625 F.3d at 93.  According to the

(<u>Footnote</u> 1 continued):

IT IS ORDERED that Magistrate Judge Sitarski's Report and Recommendation is approved and adopted.[2]

---

(Continuation of footnote 1):

Criminal Docket of Petitioner's Philadelphia criminal action, his PCRA Petition is still pending in the PCRA court. See Commonwealth v. Milburn, No. CP-51-CR-0002927-2007 (C.C.P. Philadelphia) Criminal Docket available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0002927-2007.

      Furthermore, with regard to Ground Three of the within Petition for Habeas Corpus (that the state court did not file petitioner's motions), after reviewing the state court record and the attached PCRA petition, it does not appear that defendant has presented this claim in Ground Three to the state court either on direct or collateral appeal, and accordingly, he has not exhausted his available remedies in state court. Accordingly, petitioner's first and third objections are overruled.

      With respect to petitioner's second objection, that he did not consent to the jurisdiction of a magistrate judge, petitioner's objection is without merit. In this instance I referred petitioner's Petition for Habeas Corpus to Magistrate Judge Sitarski for her to make a Report and Recommendation on her evaluation of the petition. I have reviewed Magistrate Judge Sitarski's R&R and have reviewed de novo all aspects of the R&R to which petitioner has filed an objection. Moreover, because petitioner has objected to the overall recommendation of the R&R to dismiss his petition, I have conducted a de novo determination of the entire matter as required by Congress and made the ultimate decision regarding the Petition for Habeas Corpus as a result of that de novo determination. See Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Accordingly, petitioner's objection to a magistrate judge drafting a report and recommendation in this matter is overruled.

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

      Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may

(Footnote 2 continued):

   IT IS FURTHER ORDERED that the within Habeas Corpus Petition is dismissed without prejudice for petitioner to file a petition for habeas corpus after he has exhausted his state remedies.

   IT IS FURTHER ORDERED that the Motion to Amend to Delete the Unexhausted Claims and to Proceed with the Exhausted Claims is dismissed as moot.[3]

   IT IS FURTHER ORDERED that petitioner's Objection to the Untimely Responsive Pleading is overruled.[4]

---

(Continuation of footnote 2):

accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

   Upon review of the Report and Recommendation, together with a de novo review of the record in this action, I conclude that the Report and Recommendation correctly determines the pertinent legal and factual issues presented by petitioner. Accordingly, I approve and adopt Magistrate Judge Sitarski's Report and Recommendation.

 [3] As discussed above in footnote 1, because Grounds One through Three to the within Petition for Habeas Corpus are all unexhausted, and because this Order dismisses the Petition for Habeas Corpus in its entirety, petitioner's Motion to Amend to Delete the Unexhausted Claims and to Proceed with the Exhausted Claims is dismissed as moot.

 [4] Although the Response to Petitioner's Request to Dismiss Unexhausted Claims was not filed within the time period for responding to motions, the response is not in opposition to petitioner's motion, but rather explains that respondents take no position on whether petitioner should be permitted to withdraw his unexhausted claims. Accordingly, the 14-day time limit from Rule 7.1(c) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania for filing a response in opposition does not apply to the Response to Petitioner's Request to Dismiss Unexhausted Claims.

   Furthermore, although petitioner objects to the response as untimely under Federal Rule of Civil Procedure 12(a)(1)(C), that subsection applies only to replies to answers filed as responsive pleadings and does not apply to responses to motions.

-6-

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge